## NEW-YORK COMMON PLEAS.

### [ No. 12. ]

### DAVID S. MILLS agt. JOHN E. FORBES and MARTIN KALB-FLEISCH.

Upon an appeal by executors, a statement of a want of assets sufficient to pay the judgment, would probably be regarded as a good reason why the security on the undertaking should be limited, at least to the amount of assets disclosed, applicable to the payment of the judgment appealed from.

The manner in which the judgment is to be paid does not affect the primary liability of the *sureties* to the undertaking, although a compliance with the judgment in manner and form expressed, may discharge them from all obligation.

Giving an undertaking by executors, without application to the court as to security, and demurring to the complaint against the sureties, are admissions of the possession of assets sufficient to pay the judgment in the manner directed.

*Special Term, June, 1856.*

THE defendants were sureties of the executors of John Thursby, deceased, upon an appeal from a judgment rendered at the special term, to the general term of the supreme court. (*See Mills agt. Thursby and others, executors, ante page* 385, *for the form of the judgment.*) The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

N. DANE ELLINGWOOD, *for defendants,*

Insisted that the sureties could not be compelled to pay more than was adjudged by the general term to be paid by their principals; that the judgment was not affirmed at the general term against the executors, for the whole amount of the judgment as it was rendered in the court below against John Thursby, but only to the extent of the proceeds of the goods and chattels of John Thursby in the hands of the executors, &c.;

Mills agt. Forbes and Kalbfleisch.

and the defendants, as sureties, were liable only for such amount when ascertained.

ALBERT MATHEWS, *for plaintiff*,

In reply said, if there had been any pretence of inability of the estate to pay the judgment, the executors might have applied to the court for leave to appeal without security—giving the undertaking to pay the judgment absolutely, was an admission of assets sufficient for that purpose. (*Code,* § 339.)

The defendants undertook, if the judgment was affirmed in whole or in part, that the appellants would pay the amount of the judgment, or that part as to which the judgment was affirmed. It had been affirmed in the *whole amount,* and the appellants had not paid. The modification of the judgment, as to the mode of enforcing it against the defendants in that action, did not make the judgment any the less *wholly* affirmed in respect to the amount to be paid. The words of the statute, (§ 355,) *in whole or in part,* have reference solely to the *amount payable,* and not to the process of executing the judgment.

BRADY, Judge. The Code (§ 339) provides that when an appeal is perfected, as provided by §§ 335, 336, 337 and 338, the court may, in its discretion, dispense with or limit the security to be given by §§ 335, 336 and 338, where the appellant is an executor, &c.; and thus, in effect, absolve the executor from the obligation to give security on an appeal, where a good reason is assigned by him for such indulgence. It is true that the section referred to relates to appeals to the court of appeals; but § 348 provides that, on an appeal to the general term, no stay is perfected unless security be given, *as upon an appeal to the court of appeals,* or the court so order upon such terms, *as to security or otherwise,* as may be just—such security not to exceed the amount required on an appeal to the court of appeals.

A statement of a want of assets sufficient to pay the judgment, would, no doubt, be regarded as a good reason why the security should be limited, at least to the amount of assets dis-

closed, applicable to the payment of the judgment appealed from.

The object of the legislature, in my opinion, was to provide for just such a case as this, and to prevent the appellant executor from avoiding his bond by assuming, in the absence of the power of the court, to limit his security; that the legislature never designed that he should pay the judgment without regard to assets in his hands. They have, by §§ 339 and 348, provided against that, and thus silenced him in that respect.

I think the manner in which the judgment is to be paid, does not affect the primary liability of the sureties to the undertaking, although a compliance with the judgment, in manner and and form expressed, may discharge them from all obligation. And a defence, alleging the application of all the property of the testator, as directed by the judgment, would be good, I think, although such property was, in fact, insufficient to discharge the judgment, and for the reason that the sureties undertake that the appellant will pay the judgment pronounced, or affirmed by the appellate court, and cannot be called upon to do more than their principal was by such judgment ordered to perform. But upon demurrer such a view of the question cannot be available. Giving an undertaking, without application to the court as to security, and demurring, are admissions of the possession of assets sufficient to pay the judgment in the manner directed, and entitles the plaintiff to judgment.

I consider all the facts necessary to establish the defendant's liability, alleged in the complaint, and that the demurrer is not well interposed. The defendants, however, have leave to answer in twenty days, on payment of costs.

Ordered accordingly.